UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINLONG WANG, | No.  1:26-cv-04066-DAD-CSK (HC) |
| Petitioner, | |
| v. | ORDER CONVERTING MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THAT MOTION |
| WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, | |
| Respondent. | (Doc. No. 2) |

On May 27, 2026, petitioner Jinlong Wang, proceeding *pro se*, filed a petition for writ of *habeas corpus* challenging his detention by Immigration and Customs Enforcement ("ICE") on statutory and due process grounds and a motion for temporary restraining order seeking, in pertinent part, any relief "as this Court deems just and proper."  (Doc. Nos. 1, 2.)  On May 28, 2026, the court issued an order setting a briefing schedule on that motion and directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed several of the court's cited prior orders, indicated that it intended to rule on the merits of the underlying petition if it determined that petitioner was entitled to the relief sought in the motion, and directed respondent to provide substantive reasons in support of any objection to the court taking such action.  (Doc. No. 4.)

1

On May 29, 2026, respondent filed an opposition to the pending motion.  (Doc. No. 6.)  Therein, respondent argues that this case is substantively distinguishable from the cases identified in the court's May 28, 2026 order because the detention authority that respondent relies upon here is 8 U.S.C. § 1231(a).  (*Id.* at 2.)  However, the court notes that it cited several of its prior orders that implicated § 1231(a) in its May 28, 2026 order.  *See* Doc. No. 4 (citing *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025); *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787 (E.D. Cal. Dec. 2, 2025); *Yang v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00832-DAD-DMC, 2026 WL 765027 (E.D. Cal. Mar. 18, 2026)).  Respondent also states that respondent does not oppose the court converting the motion for temporary restraining order into a motion for preliminary injunction but requests the court to withhold ruling on the merits of the underlying petition so respondent can obtain all supporting documents related to the revocation of petitioner's release and any process that he has received while detained.  (Doc. No. 6 at 2.)  The court will grant respondent's request and will not rule on the merits of the underlying petition at this time.

Petitioner, a native and citizen of China, entered the United States on or about April 3, 2023 and was placed into immigration custody on April 6, 2023.  (Doc. No. 6-6 at 3.)  On July 13, 2023, an immigration judge ("IJ") denied petitioner's applications for asylum and withholding of removal and ordered him removed to China.  (Doc. No. 6-4 at 1.)  The parties do not dispute that petitioner is subject to a final order of removal.  On or about October 3, 2023, petitioner was released from immigration custody on an order of supervision after his removal could not be effectuated.  (Doc. No. 6-5 at 1–4.)  Petitioner alleges, and respondents do not dispute, that petitioner complied with all of the terms of his release on supervision.  (Doc. No. 1 at ¶ 7.)

On or about February 2, 2026, petitioner was re-detained by ICE officials.  (Doc. No. 6-6 at 2.)  On or about February 17, 2026, the government submitted a travel documentation request to China in an effort to effectuate petitioner's removal.  (Doc. No. 6-9.)  In support of the opposition, Respondent has submitted a declaration from a deportation officer who alleges that the Department of Homeland Security ("DHS") is still awaiting a response from China regarding

/////

2

petitioner's removal and that DHS schedules daily flights to China for similarly situated individuals.  (Doc. No. 6-1 at ¶¶ 15–16.)

As the court previously explained in *Artemenko v. Warden of Golden State Annex Ice Det. Facility*, No. 1:25-cv-01943-DAD-AC, 2026 WL 523670, at *2–3 (E.D. Cal. Feb. 25, 2026), where, as here, the petitioner is ordered removed, released from immigration custody, and re-detained at a later date it is the government that bears the burden of establishing that petitioner's removal is reasonably foreseeable.  Respondent has advanced no argument in this regard. Accordingly, for the reasons explained in *Artemenko*, 2026 WL 523670, at *2–4, the court concludes that consideration of all four *Winter* factors weigh in favor of granting petitioner's motion and the appropriate remedy under the circumstances is to order petitioner's immediate release.[1]

For the reasons stated above,

1.      Petitioner's motion for temporary restraining order (Doc. No. 2) is CONVERTED to a motion for preliminary injunction and GRANTED as follows:

a.      Respondent is ORDERED to immediately release petitioner Jinlong Wang, A-File No. 246-827-400, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about February 2, 2026;

b.      Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before a neutral adjudicator;

/////

---

[1]  While not raised by either party, the court notes that DHS's request for travel documents from China and DHS's purported regular success in effectuating flights to China are insufficient to establish that petitioner's removal is reasonably foreseeable.  *See Kisel v. Noem*, No. 25-cv-03260-KK-E, 2026 WL 396802, at *6 (C.D. Cal. Jan. 22, 2026) ("ICE's request for travel documents from Belarus and general communications with the Belarusian Embassy are insufficient to demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future"); *Huang v. Albarran*, 818 F. Supp. 3d 1154, 1164–65 (E.D. Cal. 2026) (concluding that previous success with effectuating deportations to China failed to demonstrate likelihood of removal in petitioner's specific case).

3

      c.     Under the circumstances of the case, petitioner will not be required to post bond pursuant to Federal Rule of Civil Procedure 65(c);

2.     The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

3.     The petition for writ of *habeas corpus* (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 1, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4